### Farley *vs.* Farley and another.

The party who makes an application to the court and enters the interlocutory order founded thereon, is not entitled to notice of the entering such order, from the adverse party, to limit his right of appealing therefrom; but if he wishes to appeal from the decision or any part of it, he must bring his appeal within fifteen days after the order is settled and delivered by him to the register or clerk to be entered.

October 17.

This was an application by the defendants to dismiss an appeal from an interlocutory order of a vice chancellor; on the ground that the appeal was not entered within the fifteen days allowed by law for appealing. The order appealed from was founded upon an application of the complainant's solicitor to suppress certain depositions taken on the part of the defendants, under a commission executed in New-Jersey, or for such other order as to the court should seem proper. Upon the hearing of the motion, the court refused to suppress the depositions. But the vice chancellor allowed the complainant to cross-examine the witnesses whose depositions he sought to suppress, at his own expense,

and to examine other witnesses in the cause if he thought proper; and for this purpose the time for closing the proofs was extended for a sufficient length of time to enable him to do so. The order was thereupon drawn up and settled by the vice chancellor, in the presence of the complainant's solicitor, on the 27th of June, and read over to him and to the counsel for the defendants. And the clerk not being present, the order was delivered by the vice chancellor to the complainants' solicitor, to be taken to the clerk's office to be entered, who took it there to be entered accordingly, either the same day or the next morning. On the 17th of July the complainant filed with the clerk a notice of appeal, from so much of the order as denied the application to suppress the depositions and from so much as subjected him to the expense of cross-examining the witnesses; but no notice of such appeal was served on the defendants' solicitor until the 20th of the same month.

A. *Gibbs*, for the appellant.

B. *Johnson*, for the respondents.

THE CHANCELLOR. This case comes clearly within the principle laid down in the case of *The North American Coal Co.* v. *Dyett.* (4 *Paige's Rep.* 275,) that it is not necessary to give a formal notice of the entry of an order to the solicitor who has himself drawn up and entered such order, for the purpose of limiting the time for appealing therefrom. The object of the statute was to require some authentic evidence of the party's actual knowledge that an order had been entered affecting his interest, to limit his right of appeal from such order. And therefore, if the order is entered by the adverse party, or by the court, without his agency, a written notice that such an order has been entered, or the service of a copy of the order, is necessary to limit the time for appealing from an interlocutory order. But when the solicitor of the appellant has himself entered the order, he has the best possible written evidence not only of the contents of the order, but that it has been entered

and that if he wishes to exercise the right of appeal, he must do it within the fifteen days allowed by law for that purpose. It would indeed be ridiculous, in such a case, to require the adverse party to give him notice that he had himself entered such an order. Here the order was made upon the application of the complainant's solicitor, and was settled by the court in his presence and then delivered to him to be entered. In the entering of the order he did not act as the agent of the court, as it was his business and not that of the vice chancellor to see that the order was entered in the clerk's office. It was strictly his order, and when he delivered it to the clerk, after it had been formally settled by the court, it must be considered as entered from that time ; and he might immediately have asked for a certified copy thereof, although it probably was not copied into the books of the office till a long time afterwards. (4 *Paige's Rep.* 141.) The time allowed by law for appealing in this case had expired several days before there was any attempt to enter the appeal in the clerk's office, and some further time had elapsed before a notice of the appeal was served upon the defendants' solicitor ; all of which should have been done within fifteen days after the complainant's solicitor entered the order complained of.

The appeal must therefore be dismissed, with the costs of this application.